UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| DAVID MICHAEL BISHOP,<br><br>    Plaintiff,<br><br>V.<br><br>LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT,<br>CHARLES FARLEY, in his official and individual capacity, and<br>MARK BARNARD, in his official and individual capacity<br><br>    Defendants. | CIVIL ACTION NO. 5:15-371-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for partial dismissal (DE 3) filed by defendants Lexington-Fayette Urban County Government, Lexington police officer Charles Farley, and Lexington police chief Mark Barnard. For the following reasons, the motion will be granted.

    I.    **Background**

With his complaint, the plaintiff David Michael Bishop alleges that he was sleeping near a laundromat on South Ashland Avenue in Lexington, Kentucky when he was awoken by Officer Farley. Bishop alleges that he was not under the influence of alcohol or any controlled substance at the time. He alleges that Officer Farley nonetheless handcuffed him and placed him under arrest for public intoxication. Bishop alleges that Officer Farley placed him in a patrol car and drove him to the Fayette County Detention Center where he was administered a breath test to determine his blood alcohol content. Bishop states that jail personnel told him that the test did not show the presence of any alcohol in Bishop's body. Bishop alleges that Officer Farley nonetheless charged

him with being under the influence of a controlled substance. Bishop alleges that he remained incarcerated for nine days until he was transported to the Fayette District Court for a pretrial hearing. At the hearing, Bishop alleges that the Fayette County Attorney's Office moved to dismiss the charge against him and he was released.

Bishop filed this action against Officer Farley, Chief Barnard, and the Lexington-Fayette Urban County Government. He asserts seven claims. With Count 1, Bishop asserts a claim under 42 U.S.C. §1983, alleging that the defendants violated his rights under the fourth, fifth and fourteenth amendments by unlawfully arresting him. With Count 2, Bishop asserts another claim under 42 U.S.C. §1983. This time, he appears to assert the claim against only Officer Farley alleging that the officer violated his Fifth and Fourteenth Amendment rights by unlawfully detaining and confining him. He also asserts state-law claims of malicious prosecution, false arrest and imprisonment, battery, negligence, and negligent infliction of emotional distress against all defendants.

The defendants move to dismiss several of the claims.

II.     Analysis

A. § 1983 Claims against County and Defendants in their Official Capacity

The defendants first move to dismiss the § 1983 claims against the county government and against Chief Barnard and Officer Farley in their official capacities. As to the official-capacity claims, in his response, Bishop does not object the dismissal of these claims. A suit against an individual "in his official capacity" is essentially a suit brought directly against the local government unit. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir.1989). A § 1983 action "normally should be brought against either or both of two defendants: the local public official in his individual capacity and the local government which employs or is sought to be held responsible for the acts of that local public official." *Id*. at 1244-45. "[A]n official-capacity suit is, in all respects other than name, to be

2

treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "There is no longer a need to bring official-capacity actions against local government officials. . . ." *Id*. at 167 n. 14. Because Bishop has asserted a § 1983 claim against the LFUCG, his § 1983 claims against Officer Farley and Chief Barnard in their official capacities will be dismissed.

As to the claim against the county, a county can be held liable under § 1983 "only where its policy or custom causes the constitutional violation in question." *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005). It cannot be liable solely because an employee committed a constitutional violation. "While a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997).

In Count 1, Bishop makes only one allegation against the county. He alleges that "LFUCG and the Lexington Division of Police negligently trained Defendant Officer Charles Farley." The first problem with this allegation is that it is conclusory. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007) (internal citations omitted). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570. "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citation and quotations omitted). Bishop makes no other allegation

about the manner by which the county trained Officer Farley. Accordingly, he has not pleaded sufficient facts to state a § 1983 claim against the county for failure to train.

More importantly, however, even accepting as true Bishop's allegation that the county negligently trained Officer Farley, he has failed to plead sufficient facts to assert a § 1983 claim for failure to train. In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Court held that "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." *Id*. at 389. In *Canton*, the court recognized that "[i]t may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to their need." *Id*. at 390.

Again, in Count 1, Bishop makes only one allegation against the county – that it "negligently trained Defendant Officer Charles Farley." He does not allege that the county deliberately chose to fail to train its employees even though the need for more or different training was obvious or make any allegations from which such deliberate indifference could be inferred. Instead, Bishop alleges only that the LFUCG acted negligently. Accordingly, his § 1983 claim against the county for failing to train Officer Farley must be dismissed.

Bishop also asserts a § 1983 claim in Count 2 of his complaint. However, he makes no allegation against the county at all in Count 2. Accordingly, Bishop fails to assert any claim against the county in Count 2 and any such claim must also be dismissed.

**B. § 1983 Claims against Chief Barnard in his Individual Capacity**

As to any § 1983 claims that Bishop attempts to assert against Chief Barnard in Count 1 or 2 of the complaint, he makes no allegations about Chief Barnard at all in either count. Accordingly, any § 1983 claim against Chief Barnard in his individual capacity must also be dismissed.

**C. § 1983 Claims against Officer Farley in his Individual Capacity for violations of the Fifth and Fourteenth Amendments**

As to Bishop's claim that Officer Farley violated his rights under the Fifth and Fourteenth Amendments, in his response Bishop does not object to the dismissal of this portion of his § 1983 claim against Officer Farley in his individual capacity. The complaint asserts that Officer Farley unlawfully arrested, detained, and prosecuted Bishop. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.' " *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Claims arising out of an "arrest or investigatory stop of a free citizen" invoke the "protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures.'" *Graham*, 490 U.S. at 394. Likewise, "[t]he Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir.2010) (citation and quotations omitted).

Because the Fourth Amendment protects against unlawful pretrial deprivations of liberty and malicious prosecution, such claims are properly brought under that amendment. *See Albright*, 510 U.S. at 274–75; *Jackson v. County of Washtenaw*, 310 F. App'x 6, 7 (6th Cir.2009) ("[A] plaintiff may no longer bring a cause of action claiming a violation of substantive due process rights under the Fourteenth Amendment when detained without probable cause. Rather, a

5

plaintiff claiming that his constitutional rights were violated when state officials detained him without probable cause must assert a Fourth Amendment claim. *Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir.2006)"). Accordingly, Bishop's claim against Officer Farley in his individual capacity alleging that the officer violated Bishop's Fifth and Fourteenth Amendment rights by unlawfully arresting, detaining, and prosecuting him will be dismissed.

### D. State-law Claims against County and Defendants in their Official Capacity

As to Bishop's state-law claims against the county, in his response Bishop does not object to dismissal of these claims. "Kentucky counties are cloaked with sovereign immunity." *Lexington-Fayette Urban County Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004). Accordingly, the state-law claims against the county will be dismissed.

As to the state-law claims against Officer Farley and Chief Barnard in their official capacities, in his response Bishop does not object to dismissal of these claims either. State-law claims against local officials in their official capacity are also essentially claims against the county. *Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky.2001). Accordingly, all state-law claims against Officer Farley and Chief Barnard in their official capacities will be dismissed.

### E. State-law Claims against Chief Barnard in his Individual Capacity

Bishop asserts state-law claims of malicious prosecution, false arrest and imprisonment, battery, and negligent infliction of emotional distress against Chief Barnard in his individual capacity. For each of these claims, Bishop makes only one allegation against Chief Barnard: he is "liable under the doctrine of respondeat superior." (DE 1-1, Complaint ¶¶ 43, 48, 51, 66.) "The rule is that public officers are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those who are employed by them if they have employed persons of suitable skill." *Moores v. Fayette Cty.*, 418 S.W.2d 412, 414 (Ky. 1967). *See also Yanero v. Davis*, 65 S.W.3d 510, 531 (Ky. 2001). "[T]here must be some element of personal fault on the part of the officer

6

or agent, such as negligence or deliberate wrongdoing." *Moores*, 418 S.W.2d at 414 (citation and quotations omitted).

Bishop does not allege that Chief Barnard should be liable for hiring Officer Farley. Nor does he allege any deliberate actions on Chief Barnard's part that caused Bishop's alleged injury. Accordingly, the state-law claims for malicious prosecution, false arrest and imprisonment, battery, and negligent infliction of emotional distress against Chief Barnard in his individual capacity must be dismissed.

As to the negligence claim against Chief Barnard in his individual capacity, in Count 6 Bishop alleges that that Chief Barnard owed a duty to properly train, supervise, and advise police officers to identify probable cause before arresting a citizen and that he breached that duty. (DE 1-1, Complaint ¶¶ 55-56.) This is a mere recitation of the elements of a negligence action. *Twombly*, 550 U.S. at 555. Further, these are legal conclusions that the court need not accept as true. *Id*. Because Bishop has failed to raise above the speculative level his right to relief on his negligence claim against Chief Barnard, the claim must be dismissed.

As a result of this opinion, the sole claims remaining in this action are Bishop's claim under 42 U.S.C. § 1983 against Officer Farley in his individual capacity alleging that Officer Farley violated his Fourth Amendment rights and Bishop's state-law claims of malicious prosecution, false arrest and imprisonment, battery, negligence, and negligent infliction of emotional distress against Officer Farley in his individual capacity.

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) the defendants' motion for partial dismissal (DE 3) is GRANTED;

2) all of the plaintiff's claims against the Lexington-Fayette Urban County Government, against defendants Charles Farley and Mark Barnard in their official capacities, and against Mark Barnard in his individual capacity are DISMISSED; and

3) the plaintiff's claims under 42 U.S.C. § 1983 against Charles Farley in his individual capacity for violations of the Fifth and Fourteenth Amendments are DISMISSED;

Dated August 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY